ORDERED in the Southern District of Florida on Feb 26, 2008



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

BRYAN ROAD, LLC,

Debtor.
_____/

Case No. 07-17922-BKC-JKO

Chapter 11

### ORDER DENYING DEBTOR'S MOTION TO EXTEND TIME TO FILE MOTION FOR RECONSIDERATION

This case is before me without a hearing on the Debtor's motion (the "Motion") [DE 144] to extend the time for the Debtor to file a motion for reconsideration addressed to the Order (the "Stay Relief Order") [DE 142] entered February 12, 2008, which granted Florida Community Bank's motion [DE 19] for stay relief. Florida Community Bank has objected [DE 145] to the relief sought by the Debtor in the Motion. Because it is pellucidly clear that I may not grant the relief sought by the Debtor under the express (and equally clear) language of Federal Rule of Bankruptcy Procedure 9006(b)(2), I will deny the Motion without a hearing.

I entered the Stay Relief Order on February 12, 2008. On February 19, 2008, I conducted a hearing on other matters in the case. At that hearing, the Debtor's counsel, Andrew J. Nierenberg, announced that he intended to seek reconsideration of the Stay Relief Order before the ten-day deadline[1] for the filing of such a motion under Rule 9023 or 9024, which he correctly stated on the record was February 22, 2008.

On February 22, 2008, Mr. Nierenberg filed the Motion now before me. In it, he seeks on behalf of the Debtor "the entry of an order extending for four (4) days the time for filing of" a motion for reconsideration of the Stay Relief Order. The Motion expressly notes that "[u]nless extended, the time period for the filing of the Debtor's MOTION FOR RECONSIDERATION will expire today, February 22, 2008." The Motion asserts the following as the basis for the requested extension:

> 3. Because of the continuing illness of undersigned counsel, and the effects of medications, the aforesaid motion cannot be completed within the time permitted. Counsel is working from home without full access to files and materials necessary to complete the motion for reconsideration.

Mr. Nierenberg was noticeably suffering from what appeared to be a cold at the hearing on February 19th; I presume that this was the "continuing illness" to which the Motion refers. The Motion also asserts that no prejudice would result to any party in interest if the four day extension were granted

---

[1] The express deadline for the filing of a Rule 9023 motion, which applies Fed.R.Civ.P. 59, is ten days. Rule 9024, which generally applies Fed.R.Civ.P. 60, has a longer, generally one year deadline. For purposes of the finality of the Stay Relief Order, however, the "real" deadline for the filing of any reconsideration motion is ten days. This is so because Bankruptcy Rule 8002 provides that an appeal from a bankruptcy court order must be filed within ten days after the entry of the order. Pursuant to Rule 8002(b), a motion under Rule 9023 or Rule 9024 tolls the time for the filing of a notice of appeal but only if such a motion is filed within ten days after the entry of the order.

2

because I had advised at the February 19th hearing that any reconsideration motion would be heard on March 18, 2008.

Matters relating to issues of time, including its computation, enlargement, and reduction, are governed by Rule 9006. Rule 9006(b) deals with enlargement of time. Rule 9006(b)(2) expressly provides as follows:

> (2) *Enlargement Not Permitted.* The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024.

The language of this rule could not be clearer. I may not enlarge the time for the filing of a motion for reconsideration under either Rule 9023 or Rule 9024, sympathetic though I am to the plight of an ill lawyer. The only circumstance under which a late-filed Rule 59 motion may be considered is under a "unique circumstances" doctrine, found by the Supreme Court to exist after the trial court, apparently under the mistaken belief that it had the power to do so under Rule 6(b),[2] erroneously granted an extension of time under Rule 59, causing the appellants to file a late notice of appeal. The Supreme Court allowed the appeal to proceed solely on the basis that a litigant should not be deprived of a hearing on the merits because the litigant relied on a judge's erroneous ruling. *Thompson v. Immigration & Naturalization Service,* 375 U.S. 384 (1964). I am not certain how far the "unique circumstances" doctrine extends, but I am satisfied that it does not stretch so far as to provide me with authority to do here what Rule 9006(b)(2) expressly prohibits merely because the Debtor's lawyer has a bad cold. I note here that Mr. Nierenberg is no tyro; he is, rather, a very experienced and sophisticated bankruptcy lawyer who has been a member of The Florida Bar for a few months shy of 25 years. He was able to file the Motion on the tenth day after the entry of the

---

[2]Rule 6(b) prohibits the extension of time for the filing of motions under Rules 59 and 60 in a manner substantially similar to the provisions of Rule 9006(b).

3

Stay Relief Order, and I can perceive no reason why he could not equally well have filed some form of a motion for reconsideration, albeit perhaps one which needed supplementation. But he did not, and there is no way in which I could construe the Motion as a motion for reconsideration so as to wiggle out from under the constraints of Rule 9006(b)(2). The Motion is expressly *not* a motion for reconsideration. It seeks relief which is unavailable and must therefore be denied.

So that the circumstances are now clear: the Debtor's failure to file a timely motion for reconsideration means that the time for the filing of a notice of appeal from the Stay Relief Order expired on February 22, 2008. No timely notice of appeal was filed and the Stay Relief Order is now final. Although Rule 8002(c) provides for the extension of time for the filing of notices of appeal under certain circumstances, Rule 8002(c)(A) expressly prohibits any extension of time for the filing of a notice of appeal from an order which grants relief from the automatic stay under § 362, which is, of course, precisely what the Stay Relief Order did.

Based upon the foregoing, it is ORDERED that the Debtor's Motion [DE 144] seeking an extension of time for the filing of a motion for reconsideration from the Stay Relief Order [DE 142] is DENIED.

###

By CM/ECF:

Robert C. Furr
Kevin C. Gleason
Alvin S. Goldstein
Jordi Guso
Patti W. Halloran
Denyse Heffner
Andrew J. Nierenberg
Office of the United States Trustee
Craig A. Pugatch
Lisa M. Schiller

By mail:

Hollie N. Hawn
Broward County Attorney
115 S. Andrews Avenue
Ft. Lauderdale, FL 33301

Mr. Nierenberg is directed to serve all other parties in interest and to file a certificate of service within 10 days.