Tagged opinion

ORDERED in the Southern District of Florida on _Vune 9, 2008_



John K. Olson, Judge
United States Bankruptcy Court

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

In re:

BRYAN ROAD, LLC,

    Debtor.

_____/

Case No. 07-17922-BKC-JKO

Chapter 11

## ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION

THIS CASE came before me on March 18, 2008, on Bryan Road, LLC's (the "Debtor") Motion for reconsideration (the "Motion for Reconsideration") [DE 148] filed February 26, 2008, which was in turn addressed to the Order (the "Stay Relief Order") [DE 142] entered February 12, 2008, which granted Florida Community Bank's (the "Creditor") motion for stay relief [DE 19].

On February 26, 2008, I entered an Order [DE 149] denying the Debtor's motion [DE 144] seeking entry of an order extending the time within which it might file a motion for reconsideration under Federal Rule of Bankruptcy Procedure 9023, applying Federal Rule of Civil Procedure 59. I did so because Bankruptcy Rule 9006(b)(2) expressly prohibits any extension of time for the filing of motions seeking relief under either Bankruptcy Rule 9023 or Bankruptcy Rule 9024. However,

I also denied the Creditor's motion [DE 156] to strike the Motion for Reconsideration, finding that the Debtor could seek relief under Federal Rule of Bankruptcy Procedure 9024, applying Federal Rules of Civil Procedure 60(b), even though the Motion for Reconsideration was untimely under Bankruptcy Rule 9023. *See* [DE 158]. A hearing on the Motion for Reconsideration was held on March 18, 2008. As the Debtor has not met its burden of establishing any grounds for relief under Rule 60(b), the Motion for Reconsideration must be denied.

Relief from an order entered in a contested matter governed by Bankruptcy Rule 9014, such as an order regarding relief from the automatic stay, may be sought by satisfying the requirements set forth in Bankruptcy Rule 9024. Rule 9024, applying Federal Rule of Civil Procedure 60, allows for reconsideration of an order when there is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Bankr. Pro. 9024 (applying Fed. R. Civ. P. 60(b)); *Drake v. Dennis*, 209 B.R. 20, 25 (Bankr. S.D. Ga. 1996). In addition, the "motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Bankr. Pro. 9024 (applying Fed. R. Civ. P. 60(b)). As the Motion for Reconsideration was filed 14 days after the entry of the Stay Relief Order, it is timely.

The Debtor moves for reconsideration on the grounds that the Court has "erred both as to the controlling legal principles and as to the material facts," such that "[t]he errors are so extreme as to rise to the level of an abuse of discretion." See ¶2 in the Motion for Reconsideration. It is evident

2

that the grounds for reconsideration in this matter rest solely on the asserted legal and factual mistakes on the record. Because the Debtor moves for reconsideration based upon mistake, the movant cannot rely on Rule 60(b)(6) – the residual clause of this section. Rule 60(b)(6) applies only to "cases that do not fall into any of the other categories listed in parts (1)-(5)," *United States v. Real Property & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile County, Ala.* 920 F.2d 788, 791 (11th Cir. 1991); *See also Jansen v. Volute Enters. Inc. (In re Hancock Props. Mgmt. Inc.*), 325 B.R. 662, 669 (Bankr. M.D. Fla. 2005). Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive.

Substantive mistakes made by federal judges may be cured through reconsideration under Rule 60(b)(1). *Meadows v. Cohen*, 409 F.2d 750, 752 n. 4 (5th Cir.1969).[1] These include mistakes of fact as well as mistakes of law, *Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992). Rule 60(b) seeks "preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts." *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970), cert. denied, 399 U.S. 927 (1970).

For the Debtor to prevail on the Motion for Reconsideration it must demonstrate a justification so compelling that this Court will be required to vacate its order. *See Thompson v. Hicks*, 213 Fed. Appx. 939, 941 (11th Cir. 2007), cert. denied, 128 S. Ct. 492(Oct. 29, 2007); *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986). Where it is the court's misunderstanding or misapplication of the law that is asserted in a Rule 60(b)(1) motion, the moving party must demonstrate that the court's mistake involved "a 'plain

---

[1]The Eleventh Circuit is bound by Fifth Circuit precedent decided before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3

misconstruction' of the law and the erroneous application of that law to the facts." See *Lundy*, 975

F.2d *at* 806 (quoting *Compton v. Alton Steamship* Co., 608 F.2d 96, 104 (4th Cir. 1979). In other

words, this error must embroil a "fundamental misconception of the law or . . . conflict with a clear

statutory mandate" *In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001). Typically the

bankruptcy court is not required to grant relief unless the legal error is obvious. *Fackelman v. Bell*,

564 F.2d 734, 736 (5th Cir. 1977).

At the outset, I note that the Debtor provides no new evidence, no new case authority, and

no structured argument or analysis of the Rule 60(b) standards which govern its motion.

First, the Debtor questions my legal analysis of *Florida Statutes* § 718.121(1) and the Florida

Supreme Court's ruling interpreting this provision in *Bank One, Dayton, N.A. v. Sunshine Meadows*

*Condominium Association, Inc.,* 641 B.R. 1333 (Fla. 1994). The Debtor asserts precisely the same

position on this matter as it put forth in its opposition to the Stay Relief Motion [DE 19]. The Debtor

offers no new grounds to support its position that a fundamental misconception of law occurred.

Boisterous and enthusiastic writing challenging my understanding of *Fla. Stat.* § 718.121(1) does

not establish that I have plainly misconstrued the law. Instead, the arguments advanced in the

Motion for Reconsideration provide no more than a different interpretation of the law. A divergence

of opinion as to the legal implications of a statute and case law, absent a clear and fundamental

misconception of law, is not what constitutes a "mistake" within the meaning of Rule 60(b)(1).

The Debtor also moves for reconsideration of my ruling that the Forbearance Agreement was

enforceable in the bankruptcy case. I relied heavily on the *Desai* factors to reach this conclusion.

*See, In re Desai,* 282 B.R. 527, 532 (Bankr. S.D. Ga. 2002). The Debtor provides no new evidence

or case law to support the allegations of abuse of discretion. The Debtor contends that the 60 day

4

hiatus provided to the Debtor as consideration for the forbearance agreement was "nothing." This contention rests on a legal interpretation as to what constitutes reasonable consideration. The Debtor provides no legal basis to show that there was a misconstruction or faulty application of the law, only that it disagrees with my interpretation of the facts. Mere assertions, absent concrete legal support, are insufficient under Rule 60(b). The same is true for the Debtor's arguments as to the sophistication of the parties entering into the Forbearance Agreement and of their legal counsel, the issue as to the third parties[2] affected by the agreement in the bankruptcy context, and the issue of whether the legal distinction between the Debtor and the Debtor in Possession affects the postpetition enforceability of the Forbearance Agreement. Absent new evidence or case law, the Debtor has not met its burden of demonstrating a fundamental misconception of law or fact.

As to my conclusion that the Debtor's proposed chapter 11 plan was unfeasible, the Debtor has provided no legal basis for relief under Rule 60(b). The Debtor's contention that I did not fairly evaluate the proposed plan is, as explained above, not a legally sufficient ground for vacating the Stay Relief Order. The Debtor may have a basic disagreement with me as to the likelihood that its proposed "100%" plan is feasible, but no new evidence or case law has been provided to demonstrate that my view of the matter was based on a plain misconstruction of the law or the erroneous application of that law to the facts. I looked at the complete record and concluded that a plan based predominately on litigation and the ability of the Debtor to sell and make enough profit on its boat slip condominium units so as to cover the debts owed was unworkable and highly unlikely given current market conditions and the future projections contained in the Debtor's appraisals. Nothing

---

[2]None of whom sought reconsideration.

5

in the Motion for Reconsideration causes me to conclude that my prior determinations were erroneous.

The Debtor takes issue with my analysis of the Bondarenko Associates, Inc. ("Bondarenko") appraisals which it introduced in evidence in connection with the Stay Relief Motion [DE 19]. The Debtor seems to contend that I am confined to and should rely solely on the favored methodology utilized by Bondarenko. Although I can certainly understand why a party might wish to have the ability to control a judge's scope of analysis, this approach would contradict fundamental principles of justice. In the famous words of Brendan O'Sullivan, I am not a potted plant. In this instance, I undertook as best I could a thorough analysis of the complete record and took into account different valuation methodologies when analyzing the numbers offered in the Bondarenko appraisals.

I reject the argument previously made by the Debtor's counsel and reiterated in the Motion for Reconsideration that the "average price per unit" offered in these appraisals is the sole number to compare when analyzing the value of a specific sale of a condominium unit and the implications to be derived from that sale price for the overall value of the project. The mean, or as used by the Debtor, "average" price is a purely mathematical calculation derived from the sum of a collection of numbers of differing values divided by the number of items in that collection. The Bondarenko appraisals provided exhibits which describe the different size units and ascribe estimated values for each of these specific units. The Debtor sought and I approved the postpetition sale of two units at prices which were above the "average price per unit." The Debtor would have me conclude from such sale prices that its aggregate property is worth at least as much as the Bondarenko appraisals suggest, and more than enough to pay its creditors in full. However, the sale prices of those two units were in fact significantly below the values ascribed to them individually in the Bondarenko appraisals. From this, the only market-tested evidence of value in the case, I extrapolated to

6

conclude that the Debtor's asserted aggregate value was illusory. I remain convinced that my analysis was intellectually honest and that the Debtor's assertions of error are misplaced. For purposes of the Motion for Reconsideration, it is sufficient to note, and I find, that the Debtor has failed to establish that I have so misconstrued the facts of this case as to rise to the level of a "mistake" within the meaning of Bankruptcy Rule 9024, applying Federal Rule of Civil Procedure 60(b)(1).

The Debtor has failed to satisfy its burden of establishing under the applicable standards of Rule 60(b)(1) that I erred in the Stay Relief Order [DE 142] in such a manner as to constitute a fundamental misconception of the law or an erroneous application of that law to the facts. Accordingly, it is **ORDERED** that Debtor's Motion [DE 148] is **DENIED**.

###

Copies to

By CM/ECF:

Robert C. Furr
Kevin C. Gleason
Alvin S. Goldstein
Denyse Heffner
Andrew J. Nierenberg
Office of the United States Trustee

Mr. Nierenberg is directed to serve all other parties in interest and to file a certificate of service within 10 days.